UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

FRANCISCO GARCIA, and other similarly situated individuals,

        Plaintiffs,

v.

RESTAURANT OPERATOR ONE, LLC d/b/a Latin America Cafeteria and Restaurant, a Florida limited liability company; RESTAURANT OPERATOR TWO, LLC d/b/a Latin America Cafeteria And Restaurant, a Florida limited liability company; RENZO RENZI, an individual, VANDE CORP. d/b/a Latin America Cafeteria and Restaurant, a Florida corporation, PASQUALE RENZI, an individual,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, FRANCISCO GARCIA ("Garcia" or "Plaintiff") and other similarly situated individuals, sue the Defendants, RESTAURANT OPERATOR ONE, LLC d/b/a Latin America Cafeteria And Restaurant; RESTAURANT OPERATOR TWO, LLC d/b/a Latin America Cafeteria And Restaurant; VANDE CORP. d/b/a Latin America Cafeteria and Restaurant; RENZO RENZI, an individual; PASQUALE RENZI, an individual (collectively the "Defendants") and allege:

1. This is an action to recover money damages for unpaid overtime and straight wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. RESTAURANT OPERATOR ONE, LLC d/b/a Latin America Cafeteria and Restaurant ("Latin America Café One"), RESTAURANT OPERATOR TWO, LLC d/b/a Latin America Cafeteria and Restaurant ("Latin America Café Two"), RENZO RENZI (individually "Renzi"), and PASQUALE RENZI (individually "Pasquale") are Florida companies and a Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The individual defendant, upon information and belief, resides in Miami-Dade County, Florida.

4. VANDE CORP d/b/a Latin America Cafeteria And Restaurant ("Latin America Café Successor"), and PASQUALE RENZI, are a Florida company and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida. The individual defendant, upon information and belief, resides in Miami-Dade County, Florida.

5. Plaintiff was employed as a waiter/server for Defendants between 2011 and 2013.

6. Plaintiff would generally work on a pre-determined schedule set by the Defendants.

7. Plaintiff's arrival time at work and departure was set by the Defendants.

8.   As it is customary in the restaurant industry, waiters and other tipped employees may earn a reduced cash wage in addition to receiving tips from the restaurant's patrons pursuant to 29 U.S.C. §§ 203 (m).

9.   Defendants failed to comply with the reduced minimum wage pursuant to 29 U.S.C. §§ 203 (m) in that they did not pay the reduced minimum wage to their tipped employees or allowed them to have control of their entire tips, thus invalidating the tip credit.

10.   Plaintiff was not paid any reduced minimum wages by Defendants pursuant to 29 U.S.C. §§ 203 (m) nor did he have control of his entire tips.

11.   In addition, Plaintiff was not paid overtime compensation for hours he worked in excess of 40 hours per week.

12.   The three corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. The three corporate Defendants are an integrated enterprise. Alternatively, each company is an enterprise under the Act.

13.   The three corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of all three companies. The three corporate Defendants are joint employers. Alternatively, each company is an enterprise under the Act.

## COUNT I: MINIMUM WAGE VIOLATION

14.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 above as if set out in full herein.

15.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Latin America Café One and Latin America Café Two (collectively "Latin America Café") is/was and, at all times pertinent to this Complaint, was engaged in interstate

commerce. At all times pertinent to this Complaint, Latin America Café operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and Latin America Café obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Latin America Café was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

16. By reason of the foregoing, the Latin America Café is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Latin America Café. Latin America Café's business activities involve those to which the Act applies. At all times relevant to this action, Latin America Café operates a restaurant business, specialized in Latin food in several locations of Miami-Dade County restaurant and, through its business activity, affects interstate commerce. The Plaintiff's work for Latin America Café likewise affects interstate commerce. Plaintiff was employed by Latin America Café as a waiter/server or tipped employee.

17. During the period of employment with Defendants, Plaintiff was not paid the minimum wage required by the FLSA.

18. Plaintiff was never paid the reduced minimum wage as required by 29 U.S.C. § 203 (m) for Latin America Café to claim the tip credit.

19. The minimum wage for the year 2011 was $7.31/hr, however, employees such as Plaintiff was not paid this amount.

20. The minimum wage for the year 2012 was $7.67/hr, however, such as Plaintiff was not paid this amount.

21. Therefore, Plaintiff is still owed minimum wage as required by law.

22. Plaintiff, through undersigned counsel, sent a written demand to Defendants to pay the amounts owed to Plaintiff. Defendants, however, have failed and refused to pay the amounts owed to Plaintiff. A copy of the Demand Letter is attached hereto as **Exhibit "A"**.

23. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

> **Estimated Unpaid Minimum Wages Damages**
>
> **From July 2011 to December 2011**
>
> $7.31/hr X 40 = $292.40/Week
>
> $292.40 X 20 weeks = $5,848.00
>
> **From January 2012 to November 2012**
>
> 7.67/hr X 40 = $306.80/Week
>
> $306.80 X 44 weeks = $13,499.20
>
> **Total Actual Damages:** $19,347.20
>
> **Liquidated Damages:** representing an equal amount in double damages or $19,347.20.
>
> **TOTAL DAMAGES OF $38,694.40** plus reasonable attorneys' fees and costs of suit.

24. Latin America Café knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Latin America Café as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Latin America Café never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

25. Latin America Café willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Latin America Café as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against RESTAURANT OPERATOR ONE, LLC d/b/a Latin America Cafeteria and Restaurant, RESTAURANT OPERATOR TWO, LLC d/b/a Latin America Cafeteria and Restaurant, and VANDE CORP. d/b/a Latin America Cafeteria and Restaurant on the basis of their willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT II: WAGE AND HOUR VIOLATION BY LATIN AMERICA CAFÉ ONE AND LATIN AMERICA CAFÉ TWO

27.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28.     This action is brought by Plaintiff and those similarly situated to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Latin America Café One and Latin America Café Two (collectively "Latin America Café") is/was and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, Latin America Café operates as an organization which sells and/or markets its services and/or goods to customers from throughout

the United States and also provides its services for goods sold and transported from across state lines of other states, and Latin America Café obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Latin America Café was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

30. By reason of the foregoing, the Latin America Café is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for Latin America Café.  Latin America Café's business activities involve those to which the Fair Labor Standards Act applies. At all times relevant to this action, Latin America Café operates a restaurant business, specialized in Latin food in several locations of Miami-Dade County restaurant and, through its business activity, affects interstate commerce. The Plaintiff's work for Latin America Café likewise affects interstate commerce. Plaintiff was employed by Latin America Café as a waiter/server or tipped employee.

31. While employed by Latin America Café, Plaintiff worked approximately an average of 48 (forty-eight) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a waiter/server performing the same or similar duties as that of those other similarly situated

waiters/servers who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

32. Plaintiff has never been compensated for straight or overtime wages for the hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

33. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

**Estimated Overtime Damages:**

**From July 2011 to December 2011**

8 hours of overtime per week X 20 weeks = 160 hours of overtime

160 hours X $10.96 per hour = $1,696.00

**From January 2012 to November 2012**

8 hours of overtime per week X 44 weeks = 352 hours of overtime

352 hours X $11.50 per hour = $4,048.00

**Total Overtime Damages:** $5,744.00

**Liquidated Damages:** representing an equal amount in double damages or $5,744.00.

**TOTAL DAMAGES OF $11,488.00** plus reasonable attorneys' fees and costs of suit.

34. At all times material hereto, Latin America Café failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Latin America Café to properly pay them at the rate of time and

one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are current employees and/or former employees of Latin America Café who are and who were subject to the unlawful payroll practices and procedures of Latin America Café and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

35. Latin America Café knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Latin America Café as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. Latin America Café never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

36. Latin America Café willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Latin America Café as set forth above.

37. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against RESTAURANT OPERATOR ONE, LLC d/b/a Latin America Cafeteria and Restaurant, RESTAURANT OPERATOR TWO, LLC d/b/a Latin America Cafeteria and

    Restaurant, and VANDE CORP. d/b/a Latin America Cafeteria and Restaurant on the basis of Latin American Café's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT III: WAGE AND HOUR VIOLATION BY RENZO RENZI

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

39. At the times mentioned, Renzi was, and is now, the Director and/or owner of one or more of the three corporate Defendants. Renzi was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual defendant acted directly in the interests of one or more of the three corporate defendants in relation to the employees of the corporate defendants, including Plaintiff and others similarly situated. Renzi had operational control of one or more of the three corporate defendants, conducted the financial affairs of one or more of the corporate defendants,

especially as they relate to payment of wages of employees and Plaintiff, and is jointly liable for Plaintiff's damages.

40. Renzi willfully and intentionally refused to pay Plaintiff overtime and minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with Latin America Café as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against Renzi on the basis of the corporate defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

## COUNT IV: WAGE AND HOUR VIOLATION BY PASQUALE RENZI

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

43. At the times mentioned, Pasquale was, and is now, the Director, officer, manager, and/or owner of one or more of the three corporate Defendants.  Pasquale was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual defendant acted directly in the interests of one or more of the three corporate defendants in relation to the employees of the corporate defendants, including Plaintiff and others similarly situated.  Pasquale had operational control of one or more of the three corporate defendants, conducted the financial affairs of one or more of the corporate defendants, especially as they relate to payment of wages of employees and Plaintiff, and is jointly liable for Plaintiff's damages.

44. Pasquale willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with the corporate defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against Pasquale on the basis of the corporate defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT V: SUCCESSOR LIABILITY AS TO LATIN AMERICA CAFÉ SUCCESSOR AND PASQUALE RENZI

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

47. Latin America Café One and Latin America Café Two assets, personnel, equipment, management, location and business model were transferred by Renzi to Latin America Café Successor and Pasquale in order to deceive creditors and avoid liabilities.

48. This transfer constituted a de facto merger.

49. At the same time, Latin America Café Successor received in the transfer all of Latin America Café One and Latin America Café Two assets, equipment, personnel, management, location, and business model and continued operating as if no change in corporate ownership had occurred such that the successor is a mere continuation of the predecessor.

50. There has been no interruption in continuity of business after the transfer to Latin America Café Successor.

51. Pasquale has operational control over Latin America Café Successor.

52. Latin America Café Successor and Pasquale had notice that former employees had instituted actions against them for failure to pay wages.

53. Latin America Café Successor has continued the same business practices including the non-payment of minimum wages and overtime to its employees.

54. As a result, Latin America Café Successor and Pasquale are liable for the unpaid wages to Plaintiff.

55. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against Latin America Café Successor and Pasquale as successor of Latin America Café One and Latin America Café Two on the basis of their willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues triable as of right by jury.

Dated: August 13, 2014.

                                  Respectfully submitted,

                                  By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Attorneys for Plaintiff